**Dated: February 28, 2019**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Bruce Dwain Copeland, | ) | Case No. 18-13948-JDL |
| | ) | Ch. 13 |
| Debtor. | ) | |
| | ) | |
| Bruce Dwain Copeland, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 19-01018-JDL |
| | ) | |
| Andy Gump, Inc., | ) | |
| a California corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING COMPLAINT**

Before the Court for *sua sponte* consideration is an adversary Complaint [Doc.1] filed February 13, 2019, by a *pro se* debtor, Bruce Dwain Copeland ("Copeland") seeking $105,800.00 in damages as a result of some unspecified fraud of the Defendant, a

portable restroom rental company in Sounthern California.[1] Pursuant to Fed.R.Bankr.P. 7052 and 9011[2], the below constitutes the Findings of Fact and Conclusions of Law in support of the Court's decision.

Due to its brevity, Copeland's entire Complaint is stated below:

## THE PARTIES

PLAINTIFF BRUCE DWAIN COPELAND is the debtor in the above-entitled action.

DEFENDANT ANDY GUMP is a California Corporation with a principal business address located at 26954 Ruether Ave, Santa Clarita, CA. 91351

## COUNT 1

## FRAUD

Plaintiff alleges and believes Defendant Andy Gump committed fraud. Plaintiff has now been harmed by the actions of Defendant. Plaintiff is now seeking damages.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief;

1. A judgment for fraud demand of $30,000.00.
2. Actual damages the amount of $75,800.00.
3 Any other relief the Court deem (sic) proper.

Although dismissals under Rule12(b)(6) of the Fed.R.Civ.P typically follow a motion to dismiss, giving the plaintiff notice and opportunity to amend his complaint, a court

---

[1] *https://andygump.com/*

[2] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

may dismiss a case *sua sponte* "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *McKinney v. State of Oklahoma Department of Human Services, Shawnee Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991); *Whitney v. State of New Mexico,* 113 F.3d 1170, 1173 (10th Cir. 1997); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("*sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). This is one of those occasions when *sua sponte* dismissal is appropriate.

A motion to dismiss for "failure to state a claim upon which relief can be granted" is governed by Rule 12(b)(6) of the Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012. The purpose of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). In considering a motion to dismiss, the Court must construe a complaint in the light most favorable to the plaintiff, taken as true all factual allegations and making all reasonable inferences in the plaintiff's favor that can be drawn from the pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010); *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). It is well recognized that "granting a motion to dismiss is a harsh remedy and must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleadings but also to protect the interests of justice". *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, excepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In applying *Twombly's* "plausibility standard", the Tenth Circuit has held that the standard lies as a middle ground between "heightened fact pleading" and "formulaic recitation of the elements of a cause of action." *Robbins v. Oklahoma, ex rel., Department of Human Services*, 519 F.3d 1242, 1247 (10th Cir. 2008) (requiring sufficient factual specificity in support of claims, which, if assumed to be true, demonstrate the plaintiff has "plausibly (not just speculatively) stated a claim for relief."). Although the complaint need not recite "detailed factual allegations,...the factual allegations must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, LTD., 555 F.3d 1188, 1191 (10th Cir. 2009) (quotation omitted); *In re Ward*, 589 B.R. 424, 427 (Bankr. W.D. Okla. 2018); *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (a complaint must give the court reason to believe the plaintiff has a reasonable likelihood of mustering factual support for the claims raised).

A plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) of the Fed.R.Civ.P. This requirement is made in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 127 S.Ct. 1955 (2007) (citing

*Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)).

Fraud claims, however, must meet more stringent standards. See Fed.R.Civ.P. 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions or persons mind may be alleged generally." *Id*. "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." *United States ex rel. Schwartz v. Coastal Health Care Group, Inc.*, 232 F.3d 902, 2000 WL 1595976, at * 3 (10th Cir. 2000) (unpublished); *Two Old Hippies, LLC v. Catch The Bus, LLC,* 784 F.Supp.2d 1200, 1208 (D. N.M. 2011); *Midgley v. Rayrock Mines, Inc.*, 374 F.Supp.2d 1039, 1047 (D. N. M. 2005) ("To survive a motion to dismiss, an allegation of fraud must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'").

Copeland's allegations of fraud in his abbreviated Complaint are insufficient under the requirements of Rules 8(a), 9(b) and 12(b)(6) to survive the Court's *sua sponte* consideration of dismissal. Copeland does not state a single fact to support any allegation of fraud. Although "[a] *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.*** A *pro se* litigant's complaint is still required to allege sufficient facts to state a claim, and mere conclusory allegations are still insufficient. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, the Court should not be a *pro se* litigant's advocate, nor should the court "supply additional factual allegations to round out a *pro se* litigant's complaint or construct a legal theory on their behalf." *Whitney v. State of New Mexico,* 113 F.3d 1170, 1173-71 (10th Cir.

1997). Despite this relaxed pleading standard, *pro se* plaintiffs retain "the burden of alleging sufficient facts on which a recognizable legal claim could be based." *Hall*, 935 F.2d at 1110; *Leatherwood v. Rios*, 705 Fed.Appx. 735 (10th Cir. 2017). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Copeland's Complaint has only labels and conclusions devoid of any factual enhancement, and broad, vague, and conclusory allegations that fail to meet the stricter requirements of Rule 9(b). Copeland's allegations are the type of "unadorned, the-defendant-unlawfully-harmed-me accusations" rejected by the Supreme Court in *Iqbal,* 556 U.S*.* at. 679. There are no allegations identifying the culpable defendants or their incriminating fraudulent misconduct; nor are there any facts setting forth "the who, what, when, where and how of the alleged fraud." See *United States ex rel. Sikkenga v. Regence BlueCross BlueShield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006). All that is alleged is the Defendant "committed fraud". The Complaint "has alleged-but it has not shown-that (Copeland) is entitled to relief." *Iqbal,* 556 U.S. at 680. It follows, then, that Copeland has failed to meet the heightened pleading standard of Rule 9(b).

Copeland's Complaint for Fraud contains absolutely no facts from which a claim for relief can be granted. Nor does the Complaint approach any pleading standards required by Fed.R.Civ.P. 8(a) or 9(b). Accordingly,

**IT IS ORDERED** that Copeland's *Complaint* [Doc.1] is hereby **Dismissed**. Pursuant to Fed.R.Bankr.P. 7012(a), Plaintiff Copeland has fourteen (14) days from the date of the entry of this Order to file an amended complaint should he so choose. If he fails to timely file an amended complaint, this case shall be dismissed instanter.

**# # #**